**ABF FREIGHT SYSTEM, INC.,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 81–1983.

United States Court of Appeals,
Eighth Circuit.

Submitted March 9, 1982.

Decided March 15, 1982.

Charles B. Tomm, ABF Freight System, Inc., Fort Smith, Ark., for petitioner.

William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, John G. Elligers, Michael F. Messitte, N. L. R. B., Washington, D. C., for respondent.

Before HEANEY, BRIGHT and HENLEY, Circuit Judges.

PER CURIAM.

An intra-union election contest arose in 1980 among employees at ABF's trucking terminal in Cape Girardeau, Missouri. ABF adopted and enforced rules that prohibited employees from soliciting support or distributing literature at any time on company premises and from posting campaign-related materials on a previously available bulletin board. Upon proper complaint, the NLRB found that ABF's policies were over-

---

ly broad and resulted in undue interference with employee rights under Section 7 of the NLRA. We enforce the Board's order for relief in this matter.

ABF contends that its prohibitions were justified by the need to maintain order and to avoid entanglement in intra-union politics. The NLRB found, however, that such claims were merely conjectural in the present case, that the proscriptions were in any event overly broad, and that alternative means of employee communication were inadequate. *See* 257 NLRB No. 63 (1981); *see also* ALJ decision, Brief for Petitioner, app. at 150–167. These determinations are supported by substantial evidence in the record.

Employee rights to communicate with respect to intra-union election contests are protected under Sections 7 and 8(a)(1) of the NLRA. *See Fruin-Colnon Corp. v. NLRB,* 571 F.2d 1017 (8th Cir. 1978). Here, ABF's interference with the exercise of such rights was not clearly insubstantial, yet the company failed to meet its burden of showing special circumstances and a legitimate need for its interference. *Cf. McDonnell Douglas Corp. v. NLRB,* 472 F.2d 539 (8th Cir. 1973). ABF's petition to review and set aside the NLRB's order is therefore denied. The order of the Board shall be enforced in full.