**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HONEYWELL, INC., Respondent.**

**No. 83–1415.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1983.

Decided Dec. 7, 1983.

Peter Bernstein, Ellen A. Farrell, William A. Lubbers, Gen. Counsel, John E. Higgins,

---

Jr., Deputy Gen. Counsel, Robert E. Allen, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., for N.L.R.B.

Marvin O. Granath, Dorothy C. Cottrell, Minneapolis, Minn., for Honeywell, Inc.

Before LAY, Chief Judge, HEANEY and ARNOLD, Circuit Judges.

LAY, Chief Judge.

The National Labor Relations Board has applied for enforcement of its Decision and Order, 262 NLRB No. 177 (1982). Reversing the Administrative Law Judge, the Board determined that the policy of Honeywell, Inc., a Delaware corporation located in the Minneapolis region, which precluded the use of its company bulletin boards for union-related material, was discriminatory and violated section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) (1976). We grant enforcement of the Board's order.

Honeywell has four categories of bulletin boards: company, employee, departmental, and union. The Honeywell manager of employee services is in charge of the company and employee bulletin boards and is responsible for enforcing Honeywell's rules relating to their use.[1] All notices for the company board must be approved prior to posting. The company bulletin board is for business-related notices as well as for notices concerning "company-sponsored or company-approved" organizations and activities. Such organizations and activities run the gamut from United States Savings Bonds to Boston Pop Orchestra concerts to United Way campaigns. In contrast, the employee bulletin board is limited to personal messages, for example, for sale notices, car pool information, lost and founds, and the like. The posting of notices relating to political, religious or group activities that are not company sponsored, however, is prohibited.

An employee requested approval of a bulletin announcing a council meeting of Honeywell Engineers and Technicians (HEAT), a labor organization. Because the organization was not "company-sponsored or company-approved" the request was denied. An unfair labor practice charge filed by HEAT followed.[2]

The Board concluded that Honeywell's policy, which prohibited employees from posting union-related materials was a denial of the employees' right to communicate embodied in section 7. 29 U.S.C. § 157 (1976). The Board first recognized that "there is no statutory right of employees or a union to use an employer's bulletin board." 262 NLRB No. 177 (quoting *Container Corp. of Am.*, 244 NLRB 318 n. 2 (1979), *enforced in part,* 649 F.2d 1213 (6th Cir.1981)). The Board then reasoned that once an employer permits employees to post some notices that are not related to work, then the employer may not validly discriminate against union related material. *Arkansas-Best Freight Sys., Inc.*, 257 NLRB 420 (1981), *enforced sub nom. ABF Freight Sys., Inc. v. NLRB,* 673 F.2d 228 (8th Cir. 1982). Honeywell permits its employees to post personal messages and, more importantly, permits notices to be posted of *some* organizations and activities, *i.e.,* those of which it approves or those it sponsors. The Board concluded that these exceptions make the prohibition of union-related materials discriminatory.

On appeal, Honeywell asserts that if the policy does have a discriminatory effect, then the Board's failure to balance the nature and level of the exception against Honeywell's interests is inconsistent with the Board's analysis in in-plant solicitation and literature distribution cases. *See, e.g., Central Hardware Co. v. NLRB,* 407 U.S. 539, 543–45, 92 S.Ct. 2238, 2241–42, 33 L.Ed.2d 122 (1972). Honeywell asserts that it has an interest in preserving the usefulness of the bulletin boards as an effective means of communication. It urges that the Board's ruling threatens the usefulness in two ways. First, the resulting inundation of the bulletin boards will detract from their usefulness. In light of Honeywell's

---

1. The department bulletin boards are used solely for departmental notices. The union bulletin boards were established pursuant to a collective bargaining agreement and their use is limited to the recognized union.

2. After a hearing, the Administrative Law Judge issued a decision finding no violation. The General Counsel excepted. A three member panel of the Board reversed.

allowance for notices of company organizations, however, the Board properly could conclude that extending the exception to union-related materials would not unduly burden Honeywell. Moreover, Honeywell has not substantiated its fear. Additionally, the Board Order extends the exception only to union-related notices, which invoke a statutorily protected interest. Second, Honeywell asserts that the effect of the Order could be to deprive the employees of this convenient means of communicating their personal messages. In response, we emphasize that the Board's ruling relies on Honeywell's exception for company organizations and activities as well as the exception for personal employee messages.

Additionally, Honeywell asserts that the Board acted arbitrarily and abused its discretion in finding that the exceptions for personal notices and company organizations renders the rule *per se* discriminatory. Because, as the Board acknowledges, an employer is not required to make bulletin boards available, Honeywell contends that the employer may make them partially available as long as the exceptions are not premised on union affiliation. Honeywell asserts that its exception to the rule is based on a distinction between personal and nonpersonal messages. Honeywell recognizes that this distinction may have the effect of prohibiting union messages, it asserts that this effect, however, should not render the distinction invalid or discriminatory. In response, the Board urges that a broad exclusion is not determinative of whether the specific union-related exclusion is justified. That question is determined by analyzing the nature and extent of what Honeywell does allow to be posted. As is detailed above, we find that the exceptions permitted by Honeywell minimize its managerial concerns. Finally, we find that the Board may reasonably conclude that no legitimate employer interest in limiting access to its bulletin boards outweighs the employees' section 7 rights of communication.

**3.** Honeywell also objects to the form of the Board's notice. No objections were raised before the Board on this issue; therefore, § 10(e) of the Act bars judicial review at this juncture.

In affirming the Board's Order, we take note of the judicial review provisions of the Act, which afford substantial deference to the Board's decisions. 29 U.S.C. § 160(e) (1976). This case presents the task of balancing competing interests in light of the policy of the Act. The task of maintaining the national labor policy has been delegated to the Board, not the courts. Thus, the Board is the appropriate party to perform the balancing task with only a very narrow and limited judicial review. *See Eastex, Inc. v. NLRB,* 437 U.S. 556, 568, 98 S.Ct. 2505, 2513, 57 L.Ed.2d 428 (1978); *NLRB v. Babcock & Wilcox Co.,* 351 U.S. 105, 112, 76 S.Ct. 679, 684, 100 L.Ed. 975 (1956); *McDonnell Douglas Corp. v. NLRB,* 472 F.2d 539, 547 (8th Cir.1973). We cannot say that the Board erred in holding that Honeywell's exceptions to the rule rendered its policy discriminatory.[3] The Order of the NLRB is therefore enforced.

29 U.S.C. § 160(e); *see Woelke & Romero Framing, Inc. v. NLRB,* 456 U.S. 645, 102 S.Ct. 2071, 2083, 72 L.Ed.2d 398 (1982).